**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |  |
|---|---|---|
| **ALLSTATE INSURANCE COMPANY, as subrogee of CLARENCE SPEIGNER,** | | |
| **Plaintiff,** | | |
| **v.** | | **1:16-cv-3788-WSD** |
| **U.S. DEPARTMENT OF VETERANS AFFAIRS, d/b/a Atlanta VA Medical Center,** | | |
| **Defendant.** | | |

**<u>OPINION AND ORDER</u>**

This matter is before the Court on Defendant U.S. Department of Veterans Affairs' (the "VA") Motion to Vacate and Set Aside Default Judgment and Set Aside Default and Motion to Dismiss [3] ("Motion").

**I.      BACKGROUND**

On February 19, 2015, Plaintiff Allstate Insurance Company ("Plaintiff"), as subrogee of its insured, Clarence Speigner, filed a form SF-95 Claim for Damage, Injury, or Death with the Atlanta VA Medical Center in Decatur, Georgia. The SF-95 form includes instructions for claims presented under the Federal Tort Claims Act ("FTCA").

On December 28, 2015, Plaintiff, as subrogee of Speigner, filed suit against the VA in the Magistrate Court of DeKalb County, Georgia.  ([1.1] at 11).  Plaintiff asserts that Speigner's vehicle was damaged in an automobile accident involving a VA shuttle bus.  Plaintiff seeks to recover damages in the amount of $2,914.82.

Plaintiff's Complaint alleged that the DeKalb County Magistrate Court had jurisdiction over the parties and subject matter of its tort claim.  (Id.).  On December 30, 2015, Plaintiff filed a Sheriff's Entry of Service, indicating that process was served on the Atlanta VA Medical Center by leaving the summons and complaint with an individual in charge of the place of business.  (Id. at 10).  Plaintiff did not serve the VA's Regional Counsel, General Counsel, or Secretary, or the United States Attorney General or United States Attorney for the Northern District of Georgia.

On August 12, 2016, Plaintiff filed a motion for entry of default judgment.  (Id. at 6-9).  On September 14, 2016, the DeKalb County Magistrate Court entered default judgment against the "VA Hospital Transportation."  (Id. at 3).

Sometime thereafter, the VA's Regional Counsel received notice of the state court action and the default judgment, and notified the United States Attorney's office.  On October 12, 2016, the VA removed this action to this court pursuant to 28 U.S.C. § 1442(a)(1).  On October 27, 2016, the VA filed its Motion, seeking

2

(1) to set aside the state court's entry of default under Federal Rule of Civil

procedure 55(c), (2) to set aside the state court's default judgment as void for lack

of subject matter jurisdiction under Federal Rule of Civil Procedure 60(b)(4), and

(3) to dismiss Plaintiff's claims for lack of subject-matter jurisdiction because

Plaintiff was required to bring suit against the United States, not the VA.

Plaintiff did not file any response to the VA's Motion, and it is deemed

unopposed.  See Local Rule 7.1(B), NDGa.

## II.   DISCUSSION

### A.   Motion to Set Aside Default and Default Judgment

The VA seeks, under Rules 55(c) and 60(b)(4) of the Federal Rules of Civil

Procedure, to set aside the DeKalb County Magistrate Court's entry of default and

default judgment.  Rule 55(c) provides that "[t]he court may set aside an entry of

default for good cause, and it may set aside a final default judgment under Rule

60(b)."  Rule 60(b)(4) provides that, "[o]n motion and just terms, the court may

relieve a party or its legal representative from a final judgment, order, or

proceeding for the following reasons: . . . . (d) the judgment is void."  Fed. R. Civ.

P. 60(b)(4).  The VA argues that the state-court default and default judgment are

void, because the state court lacked jurisdiction over Plaintiff's claims.

"Generally, a judgment is void under Rule 60(b)(4) 'if the court that rendered it

lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'" Burke v. Smith, 252 F.3d 1260, 1263 (11th Cir. 2001).

The VA argues the state court lacked jurisdiction over Plaintiff's claim, because, under the FTCA, the federal government does not waive sovereign immunity for tort claims against federal agencies and places subject matter jurisdiction over tort claims against the United States exclusively in federal district courts. The Court agrees. The FTCA creates a limited waiver of the sovereign immunity of the United States to suits in tort. Dalrymple v. United States, 460 F.3d 1318, 1324 (11th Cir. 2006). The FTCA authorizes certain tort claims against the United States, not its agencies. See 28 U.S.C. § 2679(a). The FTCA provides the exclusive remedy against the United States for tort claims. 28 U.S.C. § 2679; 28 U.S.C. § 1346(b). The FTCA also provides that "the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government . . . ." 28 U.S.C. § 1346(b)(1). Thus, FTCA claims cannot be brought in state court, and cannot be brought against the VA, an agency of the United States. The DeKalb County Magistrate Court's default judgment is void, because

it lacked subject matter jurisdiction over Plaintiff's FTCA claims.  The VA's motion to set aside the DeKalb County Magistrate Court's entry of default and default judgment is granted, and the entry of default is set aside under Rule 55(c) and default judgment is set aside as void under Rule 60(b)(4).

B.    Motion to Dismiss

The VA next moves to dismiss Plaintiff's claims against it.  The VA argues that, where a tort claim is brought against a federal agency, rather than the United States, a district court lacks jurisdiction to consider the claim.  The Court agrees. As explained above, the FTCA's limited waiver of sovereign immunity applies to certain tort claims against the United States, not its agencies.  See 28 U.S.C. § 2679(a); see also Goble v. Ward, 628 F. App'x 692 (11th Cir. 2015) ("The FTCA's waiver applies only to the federal government and not to agencies within the federal government.").  Because Plaintiff brings its FTCA claim against the VA, rather than the United States, Plaintiff's claim must be dismissed for lack of jurisdiction.  See Manstream v. U.S. Dep't of Agriculture, 649 F. Supp. 874, 883 (M.D. Ala. 1986); Carr v. Veterans Admin., 522 F.2d 1355 (5th Cir. 1975)[1]; see also Galvin v. Occupational Safety & Health Admin., 860 F.2d 181, 183 (5th Cir.

---

[1]    In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

1988) ("[A]n FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction."). The VA's motion to dismiss is granted.

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant U.S. Department of Veterans Affairs' Motion to Vacate and Set Aside Default Judgment and Set Aside Default and Motion to Dismiss [3] is **GRANTED**. The DeKalb County Magistrate Court's entry of default is set aside under Rule 55(c), and its default judgment is set aside as void under Rule 60(b)(4). This action is dismissed for lack of subject-matter jurisdiction.

**SO ORDERED** this 16th day of March, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE